## Commonwealth *v.* Stanley, Appellant.

Argued April 16, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Henry D. O'Connor,* with him *Francis G. Wenzel,* for appellants.

*Raymond V. John,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY ROSS, J., July 19, 1951:

The appellants were convicted for a violation of section 801 of The Penal Code of 1939, 18 PS 4801,[1] and for conspiracy. The case was tried by a judge sitting without a jury. After they were convicted and their motions for a new trial were refused, the appel-

---

[1] "Whoever by means of written, printed or oral communications, intimidates, or levies blackmail, or extorts money, property or other valuable thing from any person or by such means attempts to intimidate, annoy, or levy blackmail, or extort money, property or other valuable thing from any person, is guilty of a misdemeanor . . ."

lants took these appeals. The appeals are absolutely devoid of merit and we do not propose to prolong discussion of them. The appellants were fairly tried, they were represented by able counsel, and their motions for new trial have no substance in them.

This prosecution grew out of a series of charges and counter charges leveled at one another by two rival families of gypsies, the Stanleys against the Evanos and Thompsons. The Stanleys are brothers and the prosecutors of the charges against the Evanos and Thompsons. Mary Thompson is the daughter of Eli Evano, and Frank Thompson is the son of Sally Evano. They are the prosecutors of the charges against the Stanleys.

The trial of the case embraced indictments charging the three appellants with conspiracy, attempted blackmail and extortion; charging the appellant Eli Stanley alone with attempted blackmail and extortion; charging Eli Evano, Sally Evano, Frank Thompson and Mary Thompson with armed robbery and with carrying deadly weapons; and finally an indictment charging Eli Evano and unnamed others with burglary and armed robbery. The indictments were consolidated for trial at the request of trial counsel for the appellants, counsel for the Evanos and Thompsons, and the district attorney. Present counsel entered the case after the motion for new trial was refused. Trial counsel did not appear for appellants in the argument before us.

Two contentions are stressed on behalf of the appellants in this appeal: (1) That it was "palpable error" for the trial court to permit the consolidation of the several indictments for trial; and (2) that it was error for the trial judge sitting without a jury to proceed to judgment without the testimony of an "available material witness". We are agreed that there is no merit in either contention.

In support of their contention that the trial judge erred in permitting the consolidation of the indictments, the appellants cite *Withers v. The Commonwealth*, 5 S. & R. 59, *Com. v. Wheeler*, 75 Pa. Superior Ct. 84, and *Com. v. Moyer*, 76 Pa. Superior Ct. 20. We see little to aid the appellants in any of these cases.

The rule applicable to the appellants' contention was stated succinctly and with his usual clarity by Judge HIRT in *Com. v. Lehman*, 166 Pa. Superior Ct. 181, 183, 70 A. 2d 404: "It is the settled rule that the consolidation of indictments, charging separate and distinct offenses is largely a matter within the sound discretion of the trial court, and where the indictments are closely related, his exercise of discretion will not be reversed unless it is clearly shown that the appellant has been prejudiced or injured thereby." That the indictments in the present case were closely related is beyond dispute, and there is absolutely no showing that the appellants have been prejudiced or injured by the action of the court they once requested and now assign as error.

The appellants' second contention, that the trial court erred in proceeding to judgment without the testimony of an "available material witness", has reference to a failure by the *prosecutor* or the *court* to call as a witness Milton S. Leidner, Esq., who at one time represented Eli Evano. Mary Thompson, after testifying that the appellants demanded $200 from her and made certain threats, stated that she told her father of the demand in the presence of Leidner. We have read Mrs. Thompson's testimony with care and are convinced that she did no more than state that Leidner heard her tell her father of the appellants' demand. Even assuming, however, as the appellants contend, that Leidner heard the appellants' demand or would have heard it if it had been made, it was not error for the *prosecutor* or the *trial court* to fail to call him as

a witness. The witness was in court and known to be there by *counsel for the appellants*. Permission to call him was granted to the appellants and ignored by them. Certainly under such circumstances it is in poor grace now to advance the contention that the court below was at fault in not calling Leidner. These appellants were afforded a long, fair and impartial trial by Judge CARROLL, whose patience they must have sorely tried on many occasions. No question is raised as to the quantum of the evidence or its sufficiency necessary to sustain the verdicts of guilty.

Judgment of sentence is affirmed; and it is ordered that appellants, if released on bail, appear in the court below at such time as they may be there called and that they be committed by that court until they shall have complied with their sentences or any part of them which had not been served at the time their appeals were made a supersedeas.

